UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY L. SYLVE, JR.** | **CIVIL ACTION** |
| **versus** | **NO. 14-2259** |
| **MARLIN N. GUSMAN (SHERIFF), ET AL.** | **SECTION: "G" (3)** |

## REPORT AND RECOMMENDATION

Petitioner, Jerry L. Sylve, Jr., a state pretrial detainee, filed the instant federal *habeas corpus* application asserting the following claims: (1) he was arrested without probable cause on April 13, 2014; (2) the state criminal case against him has been "falsified"; (3) the state district court wrongly refused to appoint him counsel and instead required that he retain counsel; (4) his bond was "erroneously revoked/forfeited"; (5) his counsel is ineffective; (6) the prosecutor has acted maliciously; and (7) the identification procedure used was suggestive. Although the Clerk of Court docketed this petition as one seeking relief under 28 U.S.C. § 2254, it is in fact a pretrial petition which is properly considered under 28 U.S.C. § 2241. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) (noting that § 2254 "applies only to post-trial situations," while § 2241 applies to pretrial petitions filed by "persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

It is clear that the instant case should be dismissed because petitioner has not yet exhausted his remedies in the state courts.[1] Although there is no statutory exhaustion requirement under 28 U.S.C. § 2241, jurisprudence clearly imposes such a requirement. Id. at 225; see also

---

[1] A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995). Regarding exhaustion, the United States Fifth Circuit Court of Appeals has noted:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

In the instant case, petitioner argues that has sought review of his claims by the Louisiana Supreme Court. However, in a letter dated September 23, 2014, the Supreme Court rejected his proposed filing, explaining: "We are returning your papers to you unfiled. *You must initially raise your claim(s) in the district court. If you do not receive a satisfactory response there, you should file for writs at the Court of Appeal.*"[2] Therefore, although he did in fact seek relief from the state's highest court, he did so *improperly*.

Because petitioner has never presented his claims to the Louisiana Supreme Court in a procedurally proper manner, thereby giving that court a "fair opportunity" to pass upon the claims, the claims are unexhausted. As a result, he is not currently entitled to relief under 28 U.S.C. § 2241. If he desires federal *habeas corpus* review, he must first pursue his claims through all three levels of the state court system in a procedurally proper manner and, if that proves unsuccessful, *then* seek relief from the federal courts.

---

[2] Rec. Doc. 3-1, p. 2 (emphasis added).

- 2 -

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jerry Sylve, Jr., be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this tenth day of December, 2014.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.