## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JERRY L. SYLVE, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 14-2259**

**MARLIN N. GUSMAN, et al.**                          **SECTION "G"(3)**

### ORDER

Before the Court are Petitioner Jerry L. Sylve, Jr.'s ("Petitioner")"Motion for an Extension of Time for Filing Objections to Report and Recommendation,"[1] Motion for Leave to File an Amended Petition[2] and Motion for Voluntary Dismissal.[3] Petitioner, a state pre-trial detainee incarcerated at Orleans Parish Prison, filed a petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[4] On December 10, 2014, the Magistrate Judge recommended that the matter be dismissed without prejudice for failure to exhaust state court remedies.[5] Petitioner filed an untimely "Motion for Extension of Time for Filing Objections to Report and Recommendation," arguing that he attempted to raise these claims in state court.[6] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the filings by Petitioner, the record and the applicable law, the Court will grant Petitioner leave to file his amended complaint and his objections to the Report and Recommendation, overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action without prejudice.

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 12.

[3] Rec. Doc. 13.

[4] Rec. Doc. 3.

[5] Rec. Doc. 8.

[6] Rec. Doc. 11.

## I. Procedural History

On October 20, 2014, Petitioner, who was a pretrial detainee at the time, filed a petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[7]  Petitioner asserts the following claims: (1) he was arrested without probable cause on April 13, 2014; (2) the state criminal case against him has been "falsified"; (3) the state district court wrongly refused to appoint him counsel and instead required that he retain counsel; (4) his bond was "erroneously revoked/forfeited the petitioner's bail bond and remanded him back to jail;" (5) his counsel was ineffective; (6) the prosecutor acted maliciously; and (7) the identification procedure used was suggestive.[8]

The Magistrate Judge recommended that the matter be dismissed without prejudice for failure to exhaust state court remedies.[9] He noted that although the petition has been docketed as one seeking relief under 28 U.S.C. § 2254, it was in fact a pretrial petition and therefore should be considered under 28 U.S.C. § 2241.[10] He found that the petition should be dismissed because Petitioner had not exhausted his remedies in the state courts.[11] The Magistrate Judge noted that Petitioner sent a letter to the Louisiana Supreme Court, but that court returned the papers unfiled because Petitioner had failed to initially raise his claims in the district court or file writs in the court of appeals.[12] Because Petitioner never presented his claims to the Louisiana Supreme Court in a procedurally proper manner, the Magistrate Judge found that the claims were unexhausted.[13]

---

[7] Rec. Doc.  3.

[8] Rec. Doc.  1.

[9] Rec. Doc. 8.

[10] *Id.* at 1 (citing *Dickerson v. Louisiana*, 816 F. 2d 220, 224 (5th Cir. 1987)).

[11] *Id.* (citing *Dickerson*, 816 F.2d at 225).

[12] *Id.* at 2.

[13] *Id.*

2

On February 9, 2015, Petitioner filed a "Motion for an Extension of Time for Filing Objections to Report and Recommendation."[14] Petitioner argues that he was transferred to a different prison, preventing him from timely filing his objections to the Report and Recommendation.[15] Petitioner included his objections to the Report and Recommendation with the motion, arguing that he "attempted to raise the claims numerous times in the trial court, appeals court [and] Supreme Court of Louisiana."[16] Petitioner asserts that requiring him "to return to the state courts would prove to be futile and a miscarriage of justice" because "the state courts have shown on numerous occasions that they/it do not want to hear or give any due process on any of Petitioner['s] Constitutional right violation claims."[17]

On February 9, 2015, Petitioner also filed a Motion for Leave to File an Amended Petition, noting that he had been convicted since the filing of the original petition.[18] Petitioner included evidence with the motion, which he asserts was not available when he filed his original petition, including: (1) the arresting officer's affidavit of probable cause; (2) the arresting officer's report; (3) a bond hearing transcript; (4) a letter from the Louisiana Attorney Disciplinary Board referring Petitioner's complaint against his attorney to the Louisiana State Bar Association's Attorney-Client Assistance Program; and (5) an excerpt from the state trial court's docket.[19]

---

[14] Rec. Doc. 11.

[15] *Id.* The record reflects that the original attempt to serve Petitioner with the Report and Recommendation was returned as undeliverable, and the Clerk of Court resent the Report and Recommendation on January 16, 2015. (Rec. Doc. 10).

[16] Rec. Doc. 11-2 at 1.

[17] *Id.* at 1–2.

[18] Rec. Doc. 12.

[19] Rec. Doc. 12-1.

On April 15, 2015, Petitioner filed a Motion for Voluntary Dismissal.[20] Petitioner asserts that he will be released from prison on June 22, 2015.[21] Petitioner argues that his incarceration prevents him from "vigorously [sic] litigat[ing] the instant petition."[22] He asserts that "there are several more items of exculpatory evidence that need to be retrieved that will show beyond a shadow of doubt that the New Orleans Police Dept. falsified the criminal case against the petitioner."[23] He contends that he plans to hire an investigator or attorney when he is released from prison.[24]

## II. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[25] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[26] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[27]

## III. Law and Analysis

The instant petition was filed prior to Petitioner's conviction, while he was a state pre-trial detainee incarcerated at Orleans Parish Prison. Pretrial petitions are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been

---

[20] Rec. Doc. 13.

[21] *Id.* at 1.

[22] *Id.* at 1–2.

[23] *Id.* at 2.

[24] *Id.*

[25] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[26] *Id.*

[27] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

rendered and regardless of the present status of the case pending against him."[28] Accordingly, the Court finds that the Magistrate Judge properly construed the instant petition as a 28 U.S.C. § 2241 petition.

"In order to be eligible for habeas relief, a petitioner must be 'in custody' and must have exhausted his available state remedies."[29] "The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."[30] The Magistrate Judge correctly found that Petitioner did not exhaust his available state court remedies. Petitioner sent a letter to the Louisiana Supreme Court, but the Supreme Court returned the papers unfiled because Petitioner had failed to initially raise his claims in the district court or file writs in the court of appeals.[31] In his objections to the Report and Recommendation, Petitioner argues that he attempted to raise the claims numerous times in the trial court, appeals court and Supreme Court of Louisiana. However, there is nothing in the record to show that Petitioner actually raised any of these claims in any state court. Accordingly, on *de novo* review, the Court will dismiss the petition without prejudice for failure to exhaust state court remedies. Petitioner must first pursue his claims through all three levels of the state court system in a procedurally proper manner and, if that proves unsuccessful, then he may seek relief from the federal courts.

---

[28] *Dickerson*, 816 F.2d at 224.

[29] *Id.*

[30] *Id.* at 225.

[31] Rec. Doc. 3-1 at 2.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for an Extension of Time for Filing Objections to Report and Recommendation and Motion for Leave to File an Amended Petition are **GRANTED.** The Court has considered all arguments therein.

**IT IS FURTHER ORDERED** that Petitioner's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Jerry L. Sylve, Jr.'s petition for issuance of a writ of *habeas corpus* is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Voluntary Dismissal is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA,** this ___7th___ day of July, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

6